OPINION
{¶ 1} Appellant State of Ohio appeals the March 31, 2005, Judgment of the Richland County Court of Common Pleas granting judicial release to Appellee Ronald Ferguson for the second time.
{¶ 2} Appellee has not filed a brief in this matter.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Defendant-Appellee is the father of three children born to him and his ex-wife during their marriage. The couple was divorced on August 14, 1989. Between August, 1989 and April, 1999, Appellant accumulated a back child support obligation of $25,303.61. The records of the Richland County Child Support Enforcement Agency indicate that he had paid only $600.00 in child support since May 24, 1991. His caseworker attempted to contact him concerning such arrearages but the calls went unanswered. When withholding was attempted to pay the arrearages, Defendant-Appellee quit his job.
{¶ 4} In May, 1999, Defendant-Appellee Ronald Ferguson was indicted by the Richland County Grand Jury on six (6) counts of non-support of dependents in violation of R.C. 2919.21(A)(2), a fourth degree felony, and two (2) counts of non-support of dependents, in violation of R.C.2919.21(B), a fifth degree felony.
{¶ 5} On September 28, 1999, Defendant-Appellee entered a plea of no contest to all eight (8) counts. The trial court withheld judgment and sentencing pending Defendant-Appellee's application to the Diversion program.
{¶ 6} On December 16, 1999, Defendant-Appellee's application to the Diversion program was denied because he failed to make payments on his back child support as required by the Diversion agreement.
{¶ 7} On March 10, 2000, the trial court found Defendant-Appellee guilty based on his plea of no contest and sentenced him to one and one-half years on each of the six (6) fourth-degree felony counts and five (5) years of community control on the two (2) fifth-degree felony counts. The trial court suspended the prison sentences on the six (6) fourth-degree felony counts and imposed five (5) years of community control, requiring Defendant-Appellee to pay $430.00 per month in child support as a condition of his probation.
{¶ 8} On January 9, 2002, Defendant-Appellee was convicted of a probation violation and was sentenced to six (6) months one each of the original eight (8) counts, to be served consecutively, for an aggregate sentence of four (4) years. At that time, the trial court noted, Defendant-Appellee owed over $29,000.00 in back child support and had failed to make any payments for twenty-two (22) months.
{¶ 9} Defendant-Appellee filed a Motion for Judicial Release which was granted by the trial court after a hearing held on February 4, 2003.
{¶ 10} On August 12, 2004, Defendant-Appellee was again convicted of violating his community control. The trial court terminated his judicial release and re-imposed the sentence of six (6) months on each of the original eight (8) counts, to be served consecutively, for an aggregate sentence of four (4) years.
{¶ 11} Defendant-Appellee filed a second Motion for Judicial Release and on March 25, 2005, the trial court held a hearing on same wherein it granted Defendant-Appellee's motion over the objection of the prosecutor.
{¶ 12} The trial court's March 31, 2005, Judgment Entry indicates that although Defendant-Appellee still owes substantial back child support, has been sent to prison twice and has been charged with a felony in another county, the trial court was granting such motion because "excessive amounts of money, energy and effort have gone into this case without benefiting the defendant, the State of Ohio, defendant's dependents or anyone else."
{¶ 13} Appellee State of Ohio now prosecutes the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 14} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT A SECOND JUDICIAL RELEA [SIC] ATER [SIC] HE HAD ALREADY BEEN GRANTED JUDICIAL RELEASE, VIOLATED THE TERMS OF HIS RELEASE, AND WAS SENT BACK TO PRISON.
{¶ 15} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN TERMINATING THE DEFENDANT'S CASE AFTER GRANTING HIM JUDICIAL RELEASE FOR A SECOND TIME."
 I.
{¶ 16} In its first assignment of error, Appellee State of Ohio contends that the trial court erred in granting Defendant-Appellee's second motion for judicial release. We agree.
{¶ 17} Judicial release is governed by R.C. 2929.20. Regarding when a trial court may grant a motion for judicial release, R.C.2929.20 provides, in part:
{¶ 18} "(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender." (Emphasis added.)
{¶ 19} Appellant State of Ohio contends that a second hearing is not permitted under R.C. 2929.20(C).
{¶ 20} This exact issue was considered by the Twelfth District Court of Appeals in State v. Baker (June 5, 2000), Twelfth Dist. App. No. CA 2000-01-002, which held:
{¶ 21} "Reading this provision as a whole, it is clear that a trial court may grant judicial release only after holding a hearing for judicial release. The trial court is allowed to hold only one such hearing for any given eligible offender while that offender is serving a sentence.
{¶ 22} "The import of the above highlighted sentences is that if judicial release is granted to an offender after a hearing and if the offender then violates the conditions of the judicial release and is redelivered to prison, the offender may not be granted judicial release a second time from the same sentence. For that to occur, a second hearing for judicial release would have to be held, and R.C. 2929.20(C) expressly forbids a second hearing. R.C. 2929.20-(C) contemplates that judicial release will be granted only once from an offender's sentence. If an offender violates the terms of his judicial release and is returned to prison, any subsequent motion for judicial release must be dismissed or denied."
{¶ 23} Based on the foregoing, we find that Appellant State of Ohio is correct that the judicial release statute limits a defendant to one hearing.
{¶ 24} Defendant-Appellee was granted judicial release after a hearing, but he violated the terms of his judicial release and was redelivered to prison when his sentence was re-imposed. He could not again be granted judicial release from his sentence. The trial court should have denied Defendant — Appellee's second motion for judicial release.
{¶ 25} Once a trial court decides to grant a hearing on a motion for judicial release, that one hearing brings about the end of further proceedings. After holding the first hearing, the court does not have authority to entertain further motions for judicial release.
{¶ 26} Appellant's first assignment of error is sustained.
 II.
{¶ 27} In its second assignment of error, Appellant State of Ohio argues that the trial court erred when it failed to place Defendant-Appellee on community control and terminated his case after granting him judicial release for the second time.
{¶ 28} Based on our disposition of Appellant's first assignment of error, Appellant's second assignment of error is moot.
{¶ 29} The judgment of the Richland County Court of Common Pleas is reversed.
Boggins, P.J., Hoffman, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas, Richland County, Ohio, is reversed and remanded for proceedings in accordance with our opinion and the law. Costs assessed to Appellee.